UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CAREY MAZZONI,                          :

    Plaintiff,                       :    CIVIL ACTION NO. 3:19-2169

    v.                               :    (JUDGE MANNION)

THE TRAVELERS HOME and                   :
MUTUAL INSURANCE COMPANY,
                                     :
    Defendant.

## MEMORANDUM

Before the court is a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) filed by the defendant The Travelers Home and Mutual Insurance Company ("Travelers"). (Doc. 3). The defendant seeks to dismiss as time-barred a breach of insurance contract claim and a statutory bad faith claim brought by the plaintiff, Carey Mazzoni, who was insured under a Homeowners insurance policy with Travelers. Based on the foregoing, the defendant's motion will be **GRANTED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

This case arises out of an October 20, 2015 incident that occurred at the residence of plaintiff and Tara Mazzoni located at 67 Grandview Avenue,

---

[1] The facts alleged in the plaintiff's complaint are accepted as true in considering the defendant's motions to dismiss. *See* Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 271 (3d Cir. 2014); Fleischer v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

Dallas, Pennsylvania. (See Doc. 1-1, complaint). The plaintiff alleges that her property "suffered water and mold damage as a result of a cracked drain pipe connector" and sustained damages to her home that were in excess of $60,000.00. The plaintiff's property was insured by a Homeowners policy with Travelers, policy no. 991611121-633-1, at the time of the damage caused by the cracked pipe. Specifically, the policy period was from August 2, 2015 to August 2, 2016. (See Doc. 1-1, Ex. B, insurance policy). Travelers is an insurance corporation incorporated in Connecticut and authorized to do business in Pennsylvania.[2]

Plaintiff submitted a claim to Travelers for the damage loss her property sustained from the cracked pipe. Travelers denied plaintiff's claim and sent her a letter denying coverage on November 3, 2015. (See Doc. 4-2). Travelers' letter denying plaintiff's claims stated in part:

> You presented a claim for your floor rotted out and extensive black mold. We inspected the damages with Ms. Mazzoni on 11/03/2015. Our research found that the drain pipe connector from the toilet had cracked and leaked for an extended period of time. Specifically this leak had been going on for a period of time more than 14 days per our conversation and the findings by your contractor. The constant and repeated exposure to water from this leak, caused the flooring to rot and mold to form. In order for there to be coverage for mold/rot, it must be caused by a peril that is insured against. Since wear/tear, deterioration, continuous and repeated seepage of water for a period of more than 14 days is excluded, your policy does not provide coverage.

---

[2]Travelers' principle place of business is in Connecticut. This court's subject matter jurisdiction is therefore premised on the existence of diversity of citizenship. 28 U.S.C. §1332(c)(1).

2

In her complaint, plaintiff alleges that Travelers has "wrongfully withheld payment pursuant to the terms and conditions of the [Homeowners] insurance contract without reasonable basis." Further, plaintiff alleges that the "denial of payment" by Travelers was with "reckless disregard to the fact that such denial was without a reasonable basis" in violation of the Pennsylvania bad faith statute of 42 Pa.C.S. §8371.

On September 20, 2019, the plaintiff filed a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania, asserting two counts against Travelers, breach of contract (Count I) and bad faith in violation of 42 Pa.C.S. §8371, Pennsylvania's bad faith statute (Count II). (Doc. 1-1, complaint). On December 19, 2019, Travelers removed the case to this federal court. (Doc. 1). On December 23, 2019, Travelers filed the instant motion to dismiss both Counts of the complaint, along with a brief in support. (Docs. 3 & 4). Travelers' motion seeks to dismiss the plaintiff's breach of contract claim based on a two-year limitations clause for filing suit under the policy. Travelers also moves to dismiss plaintiff's bad faith claim based on the two-year statute of limitations applicable to an action under §8371. Plaintiff filed her brief in opposition to the motion on January 27, 2020, which was

untimely by 36 days.[3] (Doc. 17). Travelers filed a reply brief on February 10, 2020. (Doc. 21). The motion is now ripe for review.

## II. STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the Federal Rule of Civil Procedure Rule 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. Id. at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff

---

[3]Although Travelers requests the court to deem plaintiff as not opposing its motion to dismiss under Local Rule 7.6, M.D.Pa., due to her untimely brief in opposition, the court will consider plaintiff's brief. However, counsel for plaintiff is recommended to abide by the Local Rules of this court for any case he has in federal court.

4

must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, S31 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Lastly, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified

5

only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III. DISCUSSION

### 1. Count I, Breach of Contract Claim

Travelers' motion to dismiss arguing that plaintiff's breach of contract claim is time-barred is based on a limitations period provided for in the plaintiff's policy. Plaintiff contends that it is premature for the court to consider Travelers' statute of limitations defense by way of a Rule 12(b)(6) motion and that such a defense should be asserted after discovery in a Rule 56 summary judgment motion. Plaintiff also contends that the court should not consider any exhibits submitted by Travelers which are outside of the pleadings at this stage.

However, since the court finds that the face of the complaint conclusively establishes that plaintiff knew or should have known of her claim at the date of her property damage, Travelers can raise the statute of limitations defense in a Rule 12(b)(6) motion to dismiss. See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (Third Circuit held that a statute of limitations defense may only be raised in a 12(b) motion "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.") (citation omitted). Thus, "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id.

Since the court finds that it is clear from the face of plaintiff's complaint that her breach of contract claim is time-barred, it will now consider Travelers' motion to dismiss Count I.

Plaintiff's policy with Travelers includes the following provision:

> **9. Suit Against Us.** No action can be brought against us unless there has been full compliance with all the terms under Section I of this policy and the action is started within two years after the date of loss.

(*See* Policy, Doc. 1-1, Ex. B, at p. 31, SECTION 1-CONDITIONS).[4] The court agrees that this suit limitation provision is controlling.

There is no dispute that Pennsylvania law governs this action. "Under Pennsylvania law, an insurance contract is governed by the law of the state in which the contract was made." Meyer v. CUNA Mut. Ins. Soc'y, 648 F.3d 154, 162 (3d Cir. 2011). The Supreme Court of Pennsylvania has set forth

---

[4]The plaintiff submitted a copy of her Travelers' insurance policy as an exhibit attached to her complaint. (Doc. 1-1, Ex. B). Travelers' also submitted a copy of the policy with its brief in support of its motion as well as a copy of its November 3, 2015 denial of coverage letter. (Doc. 4-1, Ex. B; Doc. 4-2). However, in her brief in opposition to Travelers' motion, plaintiff contends that the court should not consider any materials extraneous to her pleading in considering a Rule 12(b)(6) motion. As explained above, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). There is no dispute as to the authenticity of the policy and it identifies the plaintiff as the insured. Nor is there any dispute that Travelers' coverage denial letter pertains to plaintiff and that the denial of plaintiff's claim is referenced in her complaint. Both of the plaintiff's claims clearly arises out of the policy and the denial letter. Accordingly, the court will consider these documents in ruling on Travelers' motion to dismiss.

clearly established rules for the interpretation of insurance contracts, generally.

> The task of interpreting an insurance contract is generally performed by a court rather than by a jury. The purpose of that task is to ascertain the intent of the parties as manifested by the terms used in the written insurance policy. When the language of the policy is clear and unambiguous, a court is required to give effect to that language. When a provision in a policy is ambiguous, however, the policy is to be construed in favor of the insured . . . . Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. Finally, in determining what the parties intended by their contract, the law must look to what they clearly expressed. Courts in interpreting a contract, do not assume that its language was chosen carelessly.

401 Fourth Street, Inc. v. Investors Ins. Grp., 879 A.2d 166, 171 (Pa. 2005) (internal citations, quotations, and alterations omitted).

Under Pennsylvania law, "[i]t is well settled that a limitation on the time for bringing suit under an insurance contract is a contractual undertaking between the parties to the contract which is both valid and reasonable." Kramer v. State Farm Fire & Cas. Ins. Co., 603 A.2d 192, 193 (Pa. Super. Ct. 1992) (citing Lardas v. Underwriters Ins. Co., 231 A.2d 740 (Pa. 1967)). See also Mail Quip, Inc. v. Allstate Ins. Co., 388 F.Supp.3d 433, 438 (E.D.Pa. 2019) (citing Schreiber v. Pennsylvania Lumberman's Mut. Ins. Co., 498 Pa. 21, 26, 444 A.2d 647 (1982) ("The law has also recognized that parties have a right in their contractual dealings to further limit the time during which resort to the courts may be had to resolve a dispute that arises from their contractual

8

relationship.")). "Numerous courts have held that contractual limitations period[s] requiring the filing of suit within one year after the inception of loss or damage are reasonable." Moran Indus., Inc. v. Netherlands Ins., Co., No. 4:12-cv-01435, 2014 WL 643723, at *4 (M.D. Pa. Feb. 19, 2014); see also Fennell v. Nationwide Mut. Fire Ins. Co., 603 A.2d 1064, 1068 (Pa. Super. Ct. 1992) (collecting cases). In Mail Quip, 388 F.Supp.3d at 440, the court upheld a policy that had a "suit limitation clause requiring that a legal action be 'brought within 2 years after the date on which the direct physical loss or damages occurred'", and dismissed plaintiff's breach of contract claim as untimely since the complaint alleged that the loss occurred on March 17, 2015 and plaintiff failed to bring its breach of contract action against insurance company by March 17, 2017.

Plaintiff's reliance on the Pennsylvania Supreme Court's decision in Gallagher v. GEICO Indemnity Co., 201 A.3d 131 (Pa. 2019), and the decision in O'Brien v. GEICO Emp. Ins. Co., 2019 WL 2866092 (E.D.Pa. July 3, 2019), in which he states the district court held that "the four year statute of limitations for breach of contract claims and bad faith claims applies to claims brought pursuant to the Pennsylvania Supreme Court's decision in Gallagher v. Geico", is misplaced. "The Gallagher Court held that the household exclusion [in an automobile insurance policy] 'operate[d] as a pretext to avoid stacking,' which 'violate[d] the clear mandates of the waiver provisions of [the Pennsylvania Motor Vehicular Financial Responsibility Law]' and 'render[ed] the ... exclusion invalid and unenforceable.'" Stockdale v.

9

Allstate Fire and Casualty Ins. Co., 390 F.Supp.3d 603, 611 (E.D.Pa. 2019) (citation omitted). *See also* Barnhart v. Travelers Home and Marine Ins. Co., — F.Supp.3d —, 2019 WL 5557374, *2 (E.D.Pa. Oct. 28, 2019) (Gallagher "held that a 'household exclusion' in an automobile insurance policy to preclude stacking of underinsured coverage is unenforceable to defeat an underinsured insurance claim."). The O'Brien case involved a UIM claim and the insurance policy did not contain a suit limitations provision like Travelers' policy did. As Travelers explains, "[t]he O'Brien decision did not change the long-standing rule in Pennsylvania that suit limitations provisions are enforceable. Instead, the O'Brien court simply employed the traditional four year statute of limitations for a breach of contract cause of action where the insurance policy under review **did not** contain a suit limitations provision." (emphasis original) (citing O'Brien, 2019 WL 2866092, *2).

Thus, since the Travelers' policy had a 2-year suit limitation, there is no merit to plaintiff's contention that Pennsylvania's 4-year statute of limitations for contract claims under 42 Pa.C.S.A. §5501 should control in this case.

Further, such suit limitations provisions will be upheld unless they are waived. The insurer waives this provision when "the actions of the insurer lead the insured to believe the contractual period will not be enforced or where the insured's failure to comply is induced by the actions of the insurer." Kramer, 603 A.2d at 193 (internal citation omitted).

In the instant case, the plaintiff's policy clearly provides that no action can be brought against Travelers unless "the action is started within two years

10

after the date of loss." The water and mold damage at the plaintiff's residence occurred on October 20, 2015, and plaintiff was aware of it at this time. Travelers denied plaintiff's loss claim on November 3, 2015. Under the plain language of the policy, plaintiff had until October 20, 2017 to file her action. However, the plaintiff did not file her action in the state court until September 20, 2019, well over two years after the date of loss. Indeed, plaintiff filed her complaint almost two years after the statute of limitations expired.

The plaintiff has not alleged that Travelers led her to believe the two-year limitations period would not be enforced or that Travelers committed any actions that induced her to file her complaint after the two year deadline. *See* Kramer, 603 A.2d at 193. As such, the court must enforce the two-year limitations period to which the parties agreed. Any amendment to the breach of contract claim would be futile since it would be untimely based on the clear language in the policy.

Accordingly, the court will grant Travelers' motion and dismiss the plaintiff's breach of contract claim, Count I, with prejudice.

### 2. Count II, Statutory Bad Faith Claim

The plaintiff's bad faith claim alleges, in part, that Travelers wrongfully withheld payment to her claim and that its denial of coverage was with reckless disregard to the fact that the denial was without a reasonable basis. In her complaint, plaintiff specifically indicates that her bad faith claim is brought under 42 Pa.C.S. §8371.

11

Since the jurisdiction of this federal court is based on diversity, it must apply Pennsylvania's substantive law. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 220 (3d Cir. 2008). Thus, Pennsylvania law applies to the plaintiff's bad faith claim.

Under Pennsylvania law a bad faith claim against insurance companies is authorized by statute. See 42 Pa.C.S. §8371. Pennsylvania's insurance bad faith statue provides:

> [i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) Award punitive damages against the insurer; (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. §8371.

"[A]n action under §8371 is a statutorily-created tort action and [the Supreme Court of Pennsylvania has] h[e]ld such an action is subject to the two-year statute of limitations." Mail Quip, 388 F.Supp.3d at 441 (quoting Ash v. Cont'l Ins. Co., 593 Pa. 523, 536, 932 A.2d 877 (2007)).

Travelers moves to dismiss plaintiff's bad faith claim, Count II, arguing that it is untimely since it was subject to the two-year statute of limitations for such a claim under 42 Pa. C.S.A. §8371. Travelers states that plaintiff's bad faith claim is untimely since it denied plaintiff's property damage loss claims on November 3, 2015, more than two years before plaintiff filed her complaint in state court, i.e., on September 20, 2019. (*See* Doc. 4-2). Travelers states that plaintiff's bad faith claim had to be filed by November 3, 2017.

Initially, since "Plaintiff's claim of bad faith is ... based on Defendant's denial of benefits to Plaintiff under the Policy, and this Court can therefore consider the [November 3, 2015 denial of coverage letter] attached by Defendant to its Motion to Dismiss." Mail Quip, 388 F.Supp.3d at 441. In fact, plaintiff's complaint alleges that his claim for damage was denied by Travelers but it does not contain a date of the denial of coverage. As the court in Mail Quip, 388 F.Supp.3d at 441, explained it would consider the notice of denial of benefits attached to the insurance company's motion to dismiss because:

> "the Complaint alludes to Plaintiff's benefits being denied but does not state when it submitted its claim to Defendant or what was the outcome of that claim. If the Court were to ignore this denial of benefits, and specifically the date on which the benefits were denied, 'a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.'"

(citation omitted).

No doubt that the two year statute of limitations for a bad faith suit begins to run when insured first learned that the insurance company was denying coverage. Cozzone v. AXA Equitable Life Ins. Soc. of the U.S., 858 F.Supp.2d 452, 458 (M.D.Pa. 2012) (applicable two-year statute of limitations begins to run from when insurer denies coverage); Mail Quip, 388 F.Supp.3d at 441 (court held that "since the notice of denial shows that Defendant denied Plaintiff's claim for benefits relating to the [property loss] on February 3, 2016" ... "[t]his allowed Plaintiff two years from this date, or until February 3, 2018, to file a claim for bad faith under §8371.").

Plaintiff argues that since her bad faith claim is brought in conjunction with a contract claim, under Pennsylvania law she can assert a common law bad faith claim which sounds in contract and is subject to the 4-year statue of limitations for contracts under §5525. Plaintiff cites to the O'Brien case for support of her contention that "the four year statute of limitations for breach of contract claims and bad faith claims applies to claims brought pursuant to the Pennsylvania Supreme Court's decision in Gallagher v. Geico." However, the O'Brien case does not support plaintiff's position, rather it demonstrates that plaintiff's bad faith claim is indeed time-barred. The court in O'Brien, 2019 2866092, *3, stated, ""[a]s an initial matter, O'Brien's bad faith claim relating to GEICO's September 19, 2014 denial is also barred by the statute of limitations. Claims for bad faith under 42 Pa. C.S.A. §8371 are subject to a two-year statute of limitations." (citing Mail Quip, 388 F.Supp.3d at 441; Ash v. Cont'l Ins. Co., 593 Pa. 523, 536).[5]

Plaintiff also attempts to re-state her statutory bad faith claim as a common law bad faith claim subject to a 4-year statute of limitations. No doubt that there is a four-year statute of limitations for a common law claim

---

[5]The court also notes that O'Brien, 2019 2866092, *2-3, supports Travelers' assertion that since the statute of limitations defense is apparent on the face of plaintiff's complaint, the insurance company could assert it in a Rule 12(b)(6) motion to dismiss, and that plaintiff knew of her injury when the insurance company denied her claim. (citing Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").

for breach of the implied contractual duty to act in good faith. See Cozzone, 858 F.Supp. 2d at 456 (citation omitted). However, "even if Plaintiff did raise a common law claim for breach of the implied contractual duty to act in good faith in [Count II of] her Complaint in addition to her statutory bad faith claim [and she clearly did not], ... under Pennsylvania law, Plaintiff cannot raise a separate claim for breach of the implied contractual duty to act in good faith in this case because such a common law claim merges with Plaintiff's breach of contract claim she raised in Count I of her Complaint." Id. at 457 (citing Cummings v. Allstate Ins. Co., 832 F.Supp.2d 469, 472-74, 2011 WL 2681517, *3-*5 (E.D.Pa. 2011) (Court held that "under Pennsylvania law, there is no separate cause of action for breach of the duty of good faith and fair dealing and that such a claim is subsumed within a breach of contract claim.").

Moreover, as Travelers states since plaintiff's "underlying insurance claim is a claim for first-party property coverage", "Courts have not permitted a claim for common law bad faith in the first-party property context." (citing Bukofski v. USAA Cas. Ins. Co., 2009 WL 1609402, at *5 (M.D. Pa. June 9, 2009) (dismissing common law bad faith claim sounding in tort, stating that "Pennsylvania courts have refused to allow a common law 'bad faith' tort action for an insurer's violation of the implied covenant of good faith and fair dealing in the first party insurance claim setting"). The court in Bukofski, id., also found that plaintiff's claim for breach of the duty of good faith and fair

15

dealing with respect to a breach of an insurance contract merges with plaintiff's breach of contract claim.

In short, since plaintiff filed her complaint on September 20, 2019, well after November 3, 2017, i.e., two years past the denial of claim date, plaintiff's §8371 bad faith claim against Travelers is untimely and must be dismissed. *See* Mail Quip, 388 F.Supp.3d at 442. Further, since it would be futile to allow plaintiff leave to amend her bad faith claim, Count II, this claim will be dismissed with prejudice.

## IV. CONCLUSION

For the reasons discussed above, Travelers' motion to dismiss, (Doc. 3), will be **GRANTED**. The plaintiff's breach of contract claim, Count I of her complaint, (Doc. 1-1), and her bad faith claim, Count II, will be **DISMISSED WITH PREJUDICE** since they are untimely. An appropriate order will follow.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATED: February 13, 2020**
19-2169-02